**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
ADAM J. GRIGLAK, et al.,            :
                                    :     CIVIL ACTION NO. 09-5247 (MLC)
      Plaintiffs,                   :
                                    :        MEMORANDUM OPINION
      v.                            :
                                    :
CTX MORTGAGE COMPANY,               :
LLC, et al.,                        :
                                    :
      Defendants.                   :
_____:
```

**COOPER, District Judge**

The plaintiffs, Adam J. Griglak and Janell P. Griglak
("plaintiffs"), originally brought this action in New Jersey
Superior Court on June 2, 2009.  (Dkt. entry no. 1, Notice of
Removal, Ex. 1, Compl.)  The defendants, CTX Mortgage Company,
LLC ("CTX") and Debbie Donnelly ("defendants"), removed the
action to this Court on October 14, 2009.  (Notice of Removal.)
The plaintiffs allege violations of the Truth In Lending Act
("TILA") and the Real Estate Settlement Procedures Act ("RESPA"),
as well as several state law claims.  (Compl.)  The defendants
now move to dismiss the Complaint pursuant to Federal Rule of
Civil Procedure ("Rule") 12(b)(6).  (Dkt. entry no. 4, Mot. to
Dismiss.)  The plaintiff opposes the motion.  (Dkt. entry no. 5,
Pl. Br.)  The Court determines the motion on the briefs without
an oral hearing, pursuant to Rule 78(b).  For the reasons stated

herein, the Court will grant the part of the motion concerning the TILA and RESPA claims, and (2) remand the state law claims.

### BACKGROUND

The plaintiffs' claims stem from two loans they obtained from CTX in connection with the purchase of their home in 2006. (Compl. at 4-5; Pl. Br. at 2.)  They alleged thirteen separate causes of action stemming from these loans.  (Compl.)  The plaintiffs allege, with respect to the TILA claim, that the defendants "violated TILA by either failing to provide plaintiffs with a timely and adequate Notice of Right to Cancel the loans[,] and/or by providing them with inaccurate and/or conflicting loan documents[,] and/or by making false promises and representations which interfered with plaintiffs' ability to assess the transactions[,] and/or not providing them with required timely Adjustable Rate Mortgage Brochure and the other detailed [Adjustable Rate Mortgage] information."  (Compl. at 10.)  They further allege that the defendants violated TILA by failing to include certain charges imposed in the finance charge, improperly disclosing the amount financed, charging excessive fees, and giving them contradictory and misleading information about the loans.  (Id. at 10-11.) They state that they did not realize that the mortgage was different than what they had been promised until after closing.  (Id. at 6.)  The plaintiffs seek damages and

rescission of the mortgage transaction for the alleged TILA
violations.  (Id. at 12-13.)

The plaintiffs further allege violations of RESPA in that
the defendants accepted fees for work they did not perform, the
costs and fees at closing exceeded those listed on the good faith
estimates, and the RESPA Statement was deficient and improper.
(Id. at 20-21.)  The plaintiffs also allege eleven additional
state law claims including violations of, inter alia, the New
Jersey Consumer Fraud Act, common law fraud, unconscionability,
two counts of negligence, breach of contract, breach of fiduciary
duty, and the New Jersey Law Against Discrimination.  (Id. at 13-
19, 21-24.)

## DISCUSSION

### I.   12 (b)(6) Standard

In addressing a motion to dismiss a complaint under Rule
12(b)(6), the Court must "accept all factual allegations as true,
construe the complaint in the light most favorable to the
plaintiff, and determine, whether under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.
2008).  At this stage, a "complaint must contain sufficient
factual matter, accepted as true to 'state a claim to relief that
is plausible on its face.'  A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)).

## II.  Truth In Lending Act

TILA requires lenders to provide borrowers with specified written disclosures addressing certain terms of their loans.  See 15 U.S.C. § 1638.  "Regulation Z" outlines the material disclosures that lenders must make "clearly and conspicuously in writing, in a form that the consumer may keep."  12 C.F.R. § 226.17(a)(1).  The lender is required to disclose certain details concerning the:

> (a)Creditor; (b) Amount financed; (c) Itemization of
> amount financed; (d) Finance charge; (e) Annual
> percentage rate; (f) Variable rate; (g) Payment
> schedule; (h) Total of payments; (i) Demand feature;
> (j) Total sale price; (k) Prepayment; (l) Late payment;
> (m) Security Interest; (n) Insurance and debt
> cancellation; (o) Certain security interest charges;
> (p) Contract reference; (q) Assumption policy; and (r)
> Required deposit.

Id. at § 226.18.

The lender is required to "make disclosures before consummation of the transaction."  Id. at § 226.17(b).  A

lender's failure to accurately provide any of the "material disclosures" under Regulation Z extends the borrower's right to rescind the loan beyond the standard three business days after closing.  <u>Id.</u> at § 226.23(a)(3).  However, if "a disclosure becomes inaccurate because of an event that occurs after the creditor delivers the required disclosures, the inaccuracy is not a violation" of Regulation Z.  <u>Id.</u> at § 226.17(e).

A plaintiff alleging a violation of TILA may bring an action for both rescission and damages.  Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Claims for rescission "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).  The right to rescission does not apply to residential mortgage transactions.  15 U.S.C. § 1635(f).

## III. Real Estate Settlement Procedures Act

"RESPA is designed to ensure that consumers are made aware of settlement procedures and costs by imposing certain disclosure requirements, and to eliminate kickbacks and referral fees that increase the cost of the settlement process."  <u>Patetta v. Wells Fargo Bank</u>, No. 09-2848, 2009 WL 2905450, at *5 (D.N.J. Sept. 10, 2009) (citation omitted).  It provides a one-year statute of limitations for claims brought pursuant to 12 U.S.C. §§ ("Sections") 2607 and 2608 and a three-year statute of

limitations for claims seeking relief under Section 2605.  12
U.S.C. § 2614.

**IV.  Current Motion**

    **A.   Federal Claims**

The defendants move to dismiss the TILA claim for damages
arguing that it is barred by the statute of limitations.  (Dkt.
entry no. 4, Def. Br. at 5.)  They move to dismiss the TILA claim
for rescission as rescission under TILA is not available for
residential mortgage transactions like that of the plaintiffs.
(Id. at 6.)  They further move to dismiss the RESPA claim as
being barred by the statute of limitations.  (Id. at 21.)

The plaintiffs do not contest that the limitations periods
bar the federal claims, but argue that the Court should equitably
toll these periods rather than dismiss the TILA and RESPA claims.
(Pl. Br. at 2.)  The plaintiffs state that they were unaware of
the illicit nature of their mortgage loan until March 2009, and
thus the Court should toll the statute of limitations.  (Id.)
The plaintiffs do not oppose the part of the motion seeking to
dismiss the TILA rescission claim.  (See generally Pl. Br.)

The Court will first dismiss the TILA claim seeking
rescission of the mortgage transaction.  The failure to respond
to a substantive argument to dismiss a count, when a party
otherwise files opposition, results in a waiver of that count.
See Duran v. Equifirst Corp., No. 09-3856, 2010 WL 918444, at *3

(D.N.J. Mar. 12, 2009) (dismissing eleven counts of a complaint because plaintiff waived those counts by failing to respond to the defendant's motion to dismiss those counts).

The Court will also grant the defendants' motion as it seeks to dismiss the RESPA claim and the TILA claim for damages. "[E]quitable tolling is appropriate (1) where the defendant has actively misled the plaintiff respecting the . . . cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Taggart v. Norwest Mortgage, Inc., No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010). "A party seeking tolling must also demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims." Marangos v. Swett, No. 07-5937, 2008 WL 4508542, at *5 (D.N.J. Sept. 29, 2008) (citation omitted). "Absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only where an adversary's misconduct prevents a claimant from filing within the limitations period." Duran, 2010 WL 918444, at *3 (citation omitted).

The plaintiffs here have failed to allege sufficient facts to support equitably tolling the statute of limitations. The plaintiffs' only argument to support tolling the limitations period is that they were not aware of the illicit nature of their

mortgage loan until a date within the limitations period.  (Pl. Br. at 3.)  They do not allege that they were prevented in an extraordinary way from asserting their rights, that they timely asserted their rights in another forum, or that the defendants actively misled them regarding this cause of action.  They also fail to allege that they exercised reasonable diligence in investigating and bringing their claims.  See Duran, 2010 WL 918444, at *4 (declining to equitably toll RESPA and TILA limitations period).  In Duran, the Court stated that even though the plaintiffs had alleged they were given inaccurate loan documents, "that alone does not excuse them from exercising the reasonable insight and diligence required to pursue their claims."  Id.  The Court dismissed the plaintiff's complaint therein and denied equitable tolling because the plaintiffs failed to allege specific facts that would support tolling the period of limitations.  Id.

**B.   State Law Claims**

The defendants removed the action to this Court pursuant to 28 U.S.C. § 1331.  The Court will not exercise supplemental jurisdiction over the state law claims in view of the impending dismissal of the federal claims.  See 28 U.S.C. § 1367(c)(3) (authorizing same).  The Court will thus remand the plaintiffs' state law claims to state court.

8

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the part of the motion concerning the TILA and RESPA claims and remand the state law claims.


                                        s/Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge


Dated:    April 8, 2010